IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------------------

| | |
|---|---|
| **CARITZA LOPEZ, On Behalf of Herself and on Behalf of All Other Similarly Situated Individuals,** ) ) ) ) | |
| ) | **CIVIL ACTION NO. _____** |
| **Plaintiff.** ) ) | **JURY TRIAL DEMAND** |
| ) | |
| **ELECTRIC BLUE L.L.C.,** ) **d/b/a ELECTRIC BLUE CAFE,** ) **DENNING ENTERPRISES, INC.,** ) **and KENNETH DENNING,** ) ) | |
| **Defendants.** ) | **OCTOBER 29, 2020** |

----------------------------------------------------------------------

## ORIGINAL COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### I. SUMMARY

1.  Defendant Electric Blue, L.L.C. d/b/a Electric Blue Cafe, Denning Enterprises, Inc., and Defendant Kenneth Denning (hereinafter "Defendants"), required Plaintiff Caritza Lopez, (hereinafter "Plaintiff") to work as an exotic dancer at their adult entertainment club but refused to compensate her at the applicable minimum wage and the applicable overtime rate.

2.  Specifically, Defendants misclassified dancers, including Plaintiff, as independent contractors. Plaintiff's only compensation was in the form of tips from club patrons; the club paid no wages. In fact, Defendants required Plaintiff to pay a "house fee" in order to work in the club. Essentially, Defendants took money from Plaintiff under the premise that she had to pay for her space at the club. Plaintiff was also required to share her tips with Defendants and its employees who do not customarily receive tips outside of a valid tip pool.

3.  As a result, Defendants failed to pay Plaintiff and all other members of the class and collective minimum wage and overtime compensation they were entitled to under the Federal

1

Fair Labor Standards Act ("FLSA") and Connecticut State Laws and Public Acts including the Connecticut Minimum Wage Act ("CMWA").

4. Plaintiff brings this class and collective action against Defendants seeking damages, backpay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## II.  SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

6. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. §1367 because such claims do not raise novel or complex issues of state law, and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7. Venue is proper in the District of Connecticut because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants operate an adult entertainment club that is located in this District.

## III.  PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Caritza Lopez is an individual residing in Connecticut. She worked for Defendants in Tolland, Connecticut, for over two years from 2017 to 2019 on a consistent basis. She lived in Hartford County, Connecticut, and was Defendants' employee. Her consent is attached hereto as Exhibit "A."

9. Opt-in Plaintiffs are current or former exotic dancers who have worked at Defendants' adult entertainment club within the applicable limitations period and will file a valid consent to join this suit with the Court.

10. The Rule 23 Class Members are all current and former exotic dancers who worked at Defendants' adult entertainment club at any time starting two years before this Complaint was filed, up to the present.

11. Electric Blue L.L.C. d/b/a Electric Blue Café is a Connecticut for-profit corporation doing business in Tolland, Connecticut, at the address 62 Merrow Road, Tolland, CT 06084. Electric Blue L.L.C. may be served via its registered agent, Brown Paindiris & Scott, at 2252 Main Street, Glastonbury, CT, 06033. Electric Blue L.L.C. is an "employer" as that term is defined in Connecticut General Statues Section 31-7a(1).

12. Denning Enterprises, Inc. is a Connecticut for-profit corporation doing business in Tolland, Connecticut, at the address 62 Merrow Road, Tolland, CT 06084. Denning Enterprises, Inc. may be served via its registered agent Kenneth J. Denning at 62 Merrow Road, Tolland, CT, 06084. Upon information and belief, Denning Enterprises owns the land that Electric Blue Café is located on.

13. Kenneth Denning is the owner/manager of Electric Blue L.L.C. and Denning Enterprises; He may be served at 36 Greaves Roads, West Stafford, CT, 06075. He may also be served at the physical address for Electric Blue L.L.C. at 62 Merrow Road, Tolland, CT, 06084, or wherever he may be found. Mr. Denning is an "employer" as that term is defined in Connecticut General Statutes Section 31-7a(1).

14. This Court has personal jurisdiction over Defendant Electric Blue L.L.C. because it is an entity incorporated in Connecticut with its principal place of business in Connecticut.

15. This Court has personal jurisdiction over Defendant Denning Enterprises, Inc. because it is an entity incorporated in Connecticut and owns property in Connecticut.

16. This Court has personal jurisdiction over Defendant Kenneth Denning because he is an individual residing in Connecticut.

## IV. COVERAGE

17. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d) and Title 31 Chapter 558 of the Connecticut General Statutes.

18. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

19. Similarly, Connecticut defines "employer" broadly to mean "any owner or any person, partnership, corporation, limited liability company, or association of persons action directly as, or on behalf of, or in the interest of an employer in relation to employees, including the state and any political subdivision thereof." CONN. GEN. STAT. Sec 31-58.

20. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

21. Furthermore, Defendants have had and continue to have an annual gross business volume in excess of $500,000.

22. Individual owner/manager Kenneth Denning is an employer under the FLSA and Connecticut state law because he, as the general manager of the club, 1) has the power to hire and fire the dancers and other employees, 2) supervises and controls employee work schedules or conditions of employment, and 3) is the individual responsible for maintaining employment records.

23. At all material times, Plaintiff, FLSA Class Members, and Connecticut Class Members were individual employees who engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 206-207 and CONN. GEN. STAT. Sec 31-58.

24. At all material times, Plaintiff and the Connecticut Class Members were employees of Defendants under the CMWA.

## V.    FACTS

25. Defendants operate an adult entertainment club in Tolland, Connecticut, under the name of "Electric Blue Cafe." ("The Club")

26. Defendants employ exotic dancers and have employed hundreds of dancers over the years at the Club.

27. Plaintiff was previously employed as an exotic dancer at Defendants' adult entertainment club during the statutory time period.

28. Plaintiff worked on a regular basis for Defendants' establishment located in Tolland, Connecticut.

29. Plaintiff worked at the Club from November 2017 until April 2019.

30. Plaintiff worked between 6-8 hours per shift during her employment.

31. Plaintiff never received any wages during her employment with the club.

32. During at least one workweek between November 2017 and April 2019, Defendants did not pay Plaintiff the federally mandated minimum wage. As an illustrative example, starting in the first week of November 2017 that she worked for Defendants as a dancer, and continuing until the end of her employment with the club, Plaintiff was not paid a minimum wage.

33. Plaintiff, FLSA Class Members, and Connecticut Class Members were classified by Defendants as independent contractors who paid to work on the premises.

34. Plaintiff, FLSA collective action opt-in Plaintiffs, and Connecticut Class Members were compensated exclusively through tips from Defendants' customers. That is, Defendants did not pay them whatsoever for any hours worked at its establishment.

35. Furthermore, Defendants charged Plaintiff, FLSA Class Members, and Connecticut Class Members a "house fee" per shift worked. In other words, they had to pay to work at the club and sometimes completed a full shift only to owe club money. This happened to Plaintiff at least once during her employment and actually happened regularly until the end of her employment at Electric Blue in 2019.

36. Defendants also required Plaintiff, FLSA Class Members, and Connecticut Class Members to share their tips with other non-service employees who do not customarily receive tips, including disc jockeys.

37. Plaintiff, FLSA Class Members, and Connecticut Class Members received tips and/or dance fees from Defendants' customers but no other form of payment from their employer.

38. The money received by the club after a shift of dance performances was not included in Defendants' gross sales receipts and was not disbursed in any way as wages to any workers.

39. Defendants illegally classified the dancers as independent contractors. However, at all times, Plaintiff, FLSA Class Members, and Connecticut Class Members were employees of Defendants under both Federal and State law. At all times, Defendants required Plaintiff and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendants.

40. Defendants hired/fired, issued pay, supervised, directed, disciplined, and performed all other duties generally associated with that of an employer with regard to the dancers.

41. The following non-exhaustive list of policies and procedures actually implemented further during the relevant statutory period demonstrates the dancers' status as employees:

   a. Defendants make dancers pay a house fee to work on the premises and the fee increases with the time of the night;

   b. Plaintiff paid at least $80 as a house fee, to dance on stage at the club every shift;

   c. Defendants unilaterally make the decision not to pay any wages to dancers;

   d. Defendants provide the dancers with music, stages, poles, and other tools to perform dances while the dancer only provides her own body;

   e. Defendants mandate that dancers pay a minimum tip out of $40 and club managers make sure the dancers tip the D.J.;

   f. Defendants' managers monitor the tips given to dancers on stage by patrons and arbitrarily demand money if they see a dancer making money on stage;

   g. Dancers are required to be at the club for a set minimum nights a week and are threatened with more house fees or termination if they do not comply;

  h. Defendants require dancers to dance on stage for a minimum number of songs in order to attract customers;

  i. Defendants apply fines/fees to the dancers if they fail to follow Defendants' guidelines or directions – they play favorites with the dancers and prevent those who do not follow all their rules from working;

  j. Defendants maintain the premises – including the stage, and a state-of-the-art audio set up;

  k. Defendants hire all employees of the club – the dancers, D.J.'s, bouncers, managers, and employ dozens of dancers at one time;

  l. Defendants employ many dancers, including the named Plaintiff, for several months, at least.

42. Defendants misclassified Plaintiff, FLSA Class Members, and Connecticut Class Members as independent contractors to avoid Defendants' obligation to pay them pursuant to the FLSA and State law.

43. Plaintiff and the Class Members constituted the workforce without which Defendants could not perform their services.

44. Plaintiff, FLSA Class Members, and Connecticut Class Members are not exempt from the minimum wage and overtime requirements under the FLSA and applicable State law.

45. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA is willful and is not based on a good faith and reasonable belief that its conduct complied with the FLSA or State Labor Laws.

46. Defendants misclassified Plaintiff, FLSA Class Members, and Connecticut Class Members with the sole intent to avoid paying them in accordance with the FLSA. There are

multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI.     CAUSES OF ACTION
### COUNT I: VIOLATION OF 29 U.S.C. § 206 (COLLECTIVE ACTION)

47.     Plaintiff incorporates all allegations contained in the foregoing paragraphs

48.     Defendants' willful practice of failing to pay Plaintiff and FLSA Class Members at the required minimum wage rate violates the FLSA and was not based in good faith. 29 U.S.C. § 206.

49.     The FLSA required that Defendants allow Plaintiff and other similarly situated exotic dancers to keep all tips and gratuities received from customers. As set forth above, Defendants failed to pay Plaintiff and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements. Without legal excuse or justification, Defendants kept and/or assigned to management tips and gratuities received by Plaintiff and other exotic dancers and belonging to Plaintiff and other exotic dancers.

50.     As also alleged above, Defendants' practice of collecting "house fees" from the dancers also violates the law.

51.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate, or the required overtime rate are applicable to the Defendants or the Plaintiff.

### COUNT II – FAIR LABOR STANDARDS ACT, 29 U.S.C. § 203 (UNLAWFUL TIP SHARING – COLLECTIVE ACTION)

52.     As set forth above, Defendants' failure to allow their exotic dancers to retain all their tips by requiring them to "tip out" employees who do not customarily and regularly receive

tips violates the Fair Labor Standards Act, 29 U.S.C. § 203(m). Plaintiff brings this claim on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b).

## COUNT III: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

53. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

54. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and FLSA Class Members overtime based on the FLSA's time and a half formula.

55. For each hour worked in excess of 40 each week, Plaintiff and FLSA Class Members were entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

56. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

57. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff and FLSA Class Members.

58. Defendants' failure to pay overtime to Plaintiff and FLSA Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

59. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## COUNT IV: VIOLATION OF CONNECTICUT MINIMUM WAGE ACT
## (CLASS ACTION)

60. Plaintiff, on behalf of herself and the members of the Connecticut Class, realleges and incorporates by reference the paragraphs above as if there were set forth again herein.

61. At all relevant times, Defendants have employed, and/or continues to employ, Plaintiff and each of the Connecticut Class Members within the meaning of the CMWA.

62. Under Connecticut General Statutes Section 31-58(i), Connecticut's minimum wage was $10.10 during the period from January 1, 2017 to October 1, 2019. Prior to this period, the minimum wage was $9.60, and the minimum wage becomes $11.00 after this period.

63. At relevant times in the period encompassed by this Complaint, Defendants have a willful policy and practice of improperly classifying Plaintiff and Dancers as independent contractors and, consequently, failing to pay these individuals the applicable Connecticut Minimum Wage for each hour worked.

64. Pursuant to Defendants' compensation policies, Defendants improperly classified Dancers as independent contractors rather than pay Plaintiff and Dancers the Connecticut minimum wage.

65. As a result of Defendants' willful practices, Defendants were not entitled to pay Plaintiff and the members of the Connecticut Class less than the Connecticut minimum wage for all hours worked.

66. Defendants have violated and continue to violate the CMWA and Conn. Gen. Stat. §§ 31-60 *et seq.*

67. Due to the Defendants' violations, Plaintiff, on behalf of herself and the members of the Connecticut Class, is entitled to recover from Defendants the amount of unpaid minimum wages, attorney's fees, and costs.

## COUNT V: UNJUST ENRICHMENT (CLASS ACTION)

68. Due to the facts as pled above, Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continue to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for him and his business, and because Defendants chose to maximize his and his business's profit at the expense of Plaintiff and Class Members.

69. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants, which Defendants kept for themselves.

## VII.   COLLECTIVE AND CLASS ALLEGATIONS

**A.   FLSA Class Members**

70. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

71. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other dancers who worked at the Club. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff similar pay violation experiences, including wage and tip confiscation, like those described in this complaint.

72. Other employees similarly situated to the Plaintiff work or have worked for Defendants' gentlemen's club business, but were not paid overtime at the rate of one and one-half

their regular rate where those hours exceeded 40 hours per workweek. Furthermore, these same employees were denied pay at the federally mandated minimum wage rate.

73. FLSA Class Members perform or have performed the same or similar work as Plaintiff

74. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

75. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors, and/or the denial of minimum wage.

76. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

77. The experiences of Plaintiff, with respect to her pay, is typical of the experiences of the FLSA Class Members.

78. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

79. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

80. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

81. As such, Plaintiff brings their FLSA minimum wage claims as a collective action on behalf of the following class:

> **The FLSA Class Members are all of Defendants' current and former exotic dancers who worked for Defendants at any time stating three years before this lawsuit was filed up to the present.**

**B.   Rule 23 Class Action**

82. Plaintiff and the Connecticut Class Members incorporate all preceding paragraphs as though fully set forth herein.

83. Defendants willfully violated Connecticut General Statute § 31-58 and refused to pay dancers minimum wages and other owed wages (such as wages confiscated via forced tip outs and house fees.)

84. Plaintiff brings her Connecticut CMWA wage claims as a Rule 23 class action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting two years before this lawsuit was filed up to the present.**

85. <u>Numerosity</u>. The number of members in the Connecticut Class is believed to be well over 40. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Connecticut Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the Connecticut Class may be determined from Defendants' employment files, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Connecticut Class and Defendants.

86. <u>Typicality</u>. Plaintiff's claims are typical of the Connecticut Class because, like the members of the Connecticut Class, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as others in the Connecticut Class. Defendants failed to pay non-exempt employees who worked at the club minimum wage for all of their hours worked. Plaintiff and the Connecticut Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices which failed to comply with Connecticut law.

87. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Connecticut Class because it is in her interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Connecticut law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest, which may be contrary to or in conflict with the claims of the Connecticut Class she seeks to represent.

88. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

   a. Whether Defendants failed to pay Plaintiff and Connecticut Class the minimum wage for all hours worked;

   b. Whether Defendants failed to pay Plaintiff and Connecticut Class an overtime rate for all hours worked; and

   c. Whether Defendants took wages and tips from dancers to run their business in violation of Connecticut Wage Laws.

89. The common issues of law include, but are not limited to:

    a. Whether Defendants improperly classified Plaintiff and the Connecticut Class as independent contractors;

    b. Whether Plaintiff and the Connecticut Class are entitled to compensatory damages;

    c. The proper measure of damages sustained by Plaintiff and the Connecticut Class; and

    d. Whether Defendants' actions were "willful."

90. <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event, any other member of the Connecticut Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Connecticut Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

91. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Connecticut Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identity of members of the Connecticut Class is readily available from Defendants' records.

92. This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on the

Defendants to prove it properly compensated its employees; and (3) the burden is on the Defendants to accurately record hours worked by employees.

93. Ultimately, a class action is a superior forum to resolve the Connecticut claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Connecticut Class according to applicable Connecticut laws.

94. <u>Nature of notice to be proposed</u>. As to the Rule 23 Class, it is contemplated that notice would be issued giving putative class members an opportunity to opt-out of the class if they so desire, i.e., "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Connecticut class by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## VIII. DAMAGES SOUGHT

95. Plaintiff, FLSA Class Members, and Connecticut Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate under state law and federal law.

96. Plaintiff, FLSA Class Members, and Connecticut Class Members are entitled to recover compensation for the hours they worked over 40 in a workweek for which they were not paid at the mandated overtime wage rate under federal law.

97. Plaintiff, FLSA Class Members, and Connecticut Class Members are also entitled to recover all the money defendants misappropriated, such as house fees, forced tips, and wages taken after their performances.

98. An award of statutory liquidated damages in amounts prescribed by CMWA and the FLSA.

99. An award of double damages as set forth in Connecticut General Statutes Section 31-68 and 31-72.

100. Prejudgment and post-judgment interest on unpaid back wages pursuant to the FLSA.

101. An award of attorneys' fees and costs under the FLSA and the Connecticut General Statutes Sections 31-68 and 31-72.

## PRAYER FOR RELIEF

For these reasons, Plaintiff, FLSA Class Members, and Connecticut Class Members respectfully request that judgment be entered in their favor awarding the damages requested above. Plaintiff also requests for such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

**PLAINTIFF,**
CARITZA LOPEZ, On Behalf of Herself
and on Behalf of All Other Similarly
Situated Individuals


By: /s/ *Stuart M. Katz*
    Stuart M. Katz, Esq.
    Federal Bar No. ct12088
    Cohen and Wolf, P.C.
    1115 Broad Street
    Bridgeport, CT  06604
    Tele:  (203) 368-0211
    Fax:   (203) 337-5505
    E-mail: skatz@cohenandwolf.com


By: /s/ *David W. Hodges*
    David W. Hodges
    Texas State Bar No. 00796765
    dhodges@hftrialfirm.com
    *\*\*Pro Hac Vice Forthcoming*
    William Rivers Wallace
    Texas State Bar No. 24110877
    rwallace@hftrialfirm.com
    *\*\*Pro Hac Vice Forthcoming*
    Hodges and Forty, L.L.P.
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116


    LEAD ATTORNEY IN CHARGE FOR PLAINTIFF
    AND CLASS MEMBERS